JOHN QUINN, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Burglary — " dwelling-house " — what is.*

The owner of a building divided the lower part into a store and bar-room, no communication existing between them, and carried on business therein, he living over the store and other people over the bar-room, which could only be entered from the street. *Held,* that the bar-room was part of the dwelling-house, and that the breaking into it for the purpose of committing larceny constituted burglary in the first degree.

*People* v. *Snyder* (2 Park. Cr., 23) followed.

WRIT of error to the Court of General Sessions of the county of Richmond, to review the conviction and sentence of the plaintiff in error of the crime of burglary in the first degree.

*Max C. Huebner,* for the plaintiff in error.

*John Crook,* for the defendant in error.

DYKMAN, J.:

The plaintiff in error was indicted in Richmond county for burglary in the first degree, for breaking and entering in the night-time the dwelling-house of ——— ———, in which there was at the time some human being, with intent to commit the crime of grand larceny.

On the trial it appeared that the portion of the building which was broken was used for a bar-room ; that no person lived or slept in that room, but there were people living over it, and the owner lived over the store adjoining, and there were people living in other parts of the building and that all were under the same roof.

The court charged the jury that the offense of burglary in the first degree consists of forcibly breaking into a dwelling-house occupied by human beings in the night-time, with the intent to commit a crime ; and the offense of grand larceny consists in stealing property to the value of twenty-five dollars.

That upon the evidence in this case, which is undisputed, there was a breaking into the building in the night-time, and such breaking, by the evidence, constitutes burglary in the first degree.

The counsel for the prisoner excepted to that portion of the charge which states that upon the evidence in this case, which is undisputed, there was a breaking into the building in the night-time, and such breaking by the evidence constitutes burglary in the first degree.

The jury found a verdict of guilty, and this case is brought here on the allegation of error presented by the exception to the charge of the court.

The question thus presented is, whether this bar-room which was broken was a dwelling-house or a part of a dwelling-house, within the meaning of the criminal law relating to burglary ? It is quite true that a room or other portion of a house may be so severed from the rest as not to be the subject of burglary in the first degree.

Such would be the case if a parcel or room of the house was leased to a trader who worked and traded in it, but did not lie in it. Such portion of the house would then become a shop or store, and entitled to the protection which the law give it as such, and would not be entitled to the protection which the law, for obvious reasons, throws around a dwelling-house. That rule cannot control this case, however, for here there was no severance, as the owner himself carried on the business both in the bar-room and the store adjoining, and lived over the store under the same roof.

At common law, where burglary could only be committed in respect to a dwelling-house, every building for the dwelling and habitation of man was a dwelling-house. (3 Black. Com., 224.)

It seemed to be necessary that the occupier and his family should usually dwell and lie in it, but our statute provides that every house, prison, jail or other edifice which shall have been usually occupied by persons lodging therein at night shall be deemed a dwelling-house of any person so lodging therein. (3 R. S. [6th ed.], 929.)

The question, then, is, whether breaking in the bar-room of this building can be considered a breaking of the dwelling-house of the owner ? He lodged under the same roof, over the adjoining room, but there was no connection between the two rooms, and it was necessary to go out of the store into the open air to get to the room over it. There is a negative provision in our statute that no building shall be 'deemed a dwelling-house, or any part of a dwelling-house, within the meaning of the statute, unless the same be joined to, immedi-

ately connected with, and part of the dwelling-house ; and it seems to be fair to infer the converse of the proposition, and to hold that a building or room immediately connected with, and forming a part of, the dwelling-house, must be deemed such or a part of one.

This room which was entered certainly did form a part of the dwelling-house of the owner, and it seems reasonably to follow, from the provisions of the statute referred to, that it was a part thereof.

It would be against common sense to say that a store or shop or bar room, situated as this was, without any severance in law, was not parcel and part of the dwelling-house in which it was, and entitled to the protection given to such by the law.

In the case of· *The People* v. *Snyder* (2 Park. Cr., 23), the prisoner was indicted for burglary for breaking and entering the dwelling-house of William Stratton. The place in which the burglary was committed was in a room in the dwelling-house of Stratton, occupied by him as a shoe shop. There was no communication between the shop and the other part of the house, which was occupied by Stratton's family, except by an outside door, which opened into a yard, surrounding the whole building, which was all erected together under the same roof. Some of the rooms occupied by the family were above, some on the same floor with the room occupied as a shop, and some below it. The Court of Oyer and Terminer, WALWORTH, circuit judge, presiding, held that the shop, as it was situated, constituted a part of the dwelling-house. It was built at the same time, under the same roof, occupied by the same person, and nearly surrounded by rooms occupied by his family. That case was much like the one under consideration, and the conclusion reached meets our full approbation.

After a full and careful examination, we find in this case all the essential elements of the crime of burglary in the first degree, and the indictment properly describes the place where it was perpetrated as the dwelling-house of the owner.

The conviction must, therefore, be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Conviction affirmed.